**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                           **Case No: 8:20-cv-1500-T-35AAS**

**REAL PROPERTY LOCATED AT**
**101 MARSHALL AVENUE,**
**LAKE PLACID, FL 33852,**

    **Defendant.**

___

## ORDER

**THIS CAUSE** comes before the Court for consideration of United States Motion for Default Judgment of Forfeiture. (Dkt. 19) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion as stated herein.

**I.**     **BACKGROUND**

On July 1, 2020, the Unites States filed a Verified Complaint for Forfeiture in Rem, (Dkt. 1), seeking the forfeiture of the real property located at 101 Marshall Avenue, Lake Placid, Florida 33852 (the "Defendant Property"). (Dkt. 1) Specifically, the United States alleges that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds of wire fraud, in violation of 18 U.S.C. § 1343, or a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. (Id.) Additionally, the United States alleged that the Defendant Property is subject to forfeiture pursuant to 28 U.S.C. § 981(a)(1)(A), because the financial transactions conducted to purchase and build the Defendant Property were designed to conceal and disguise the nature, location, source, control, and ownership of the criminal proceeds, in violation of

18 U.S.C. § 1956. (Id.) On August 25, 2020, the Court granted the United States' Motion Authorizing Interlocutory Sale of Real Property, (Dkt. 9), allowing the pending sale of the Defendant Property to pursue as planned, and directing that the net proceeds from the sale be deposited in the Seized Asset Deposit Fund ("SADF") and substituted as the property in this action pending a final judgment. (Dkt. 11) Pursuant to that Order, the Defendant Property was sold on or about September 11, 2020, and the net proceeds of $157,782.38 were deposited into the SADF. (Dkt. 18)

The United States published notice of this civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from July 21, 2020, through and including August 19, 2020, as required by Rule G(4)(a)(i) & (iv)(C)(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Dkt. 10) Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before September 21, 2020. (Id.) A Notice of Complaint for Forfeiture in Rem Against Real Property was also posted on the Defendant Property, along with a copy of the Verified Complaint for Forfeiture in Rem, as required by 18 U.S.C. § 985(c)(1)(B) and Federal Supplemental Rule G. (Dkt. 14)

In or around July 2020, the United States sent notices of this forfeiture action to all known potential claimants, including the titled owner of the Defendant Property, Jared Murray, and the Highlands County Tax Collector, in accordance with the requirements of Federal Supplemental Rule G(4)(b). (Dkt. 19 at 5) Murray was personally served with notice at the South Bay Correctional Facility in South Bay, Florida. (Dkt. 6) The Highlands County Tax Collector was served with notice via certified mail and first-class mail. (Dkt.

16-1 at 2) On September 9, 2020, the United States filed a Motion for Clerk's Default for the property owner, Jared Murray. (Dkt. 12) On September 10, 2020, the Clerk entered a default against Jared Murray. (Dkt. 13)

## II. LEGAL STANDARD AND ANALYSIS

To enter a default judgment, there must be sufficient basis in the pleadings to support the relief sought. Fed. R. Civ. P. 55. Federal Rule of Civil Procedure 55 provides that the Clerk must enter a default judgment against any person who has failed to appear to contest a case. <u>Id.</u> For all others, generally, the plaintiff may seek a default judgment from the Court if a case is not contested. <u>Id.</u> Pursuant to Federal Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Property is required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official Government website.

The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court. No person or entity has filed either a claim or an answer to the Complaint for forfeiture or has otherwise appeared or answered in this regard, and the time to do so has expired. The United States represents, upon information and belief, that no person or entity thought to have an interest in the defendant property is an infant, incompetent, or presently engaged in military service.

## III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. The United States' Motion for Default Judgment of Forfeiture, (Dkt. 19), is **GRANTED**.

2. The **Clerk** is directed to enter final default judgment forfeiting to the Plaintiff United States all right, title and interest in the $157,782.38 received from the sale of the property, (Dkt. 18), as substitute res in lieu of the Defendant Property.

3. Thereafter, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of October, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4